# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SUSAN P. TORRES,

        Appellant,

    v.

OFFICE OF PERSONNEL
    MANAGEMENT,

        Agency,

    and

ROY A. TORRES,

        Intervenor.

DOCKET NUMBER
SF-0841-25-0007-I-1

DATE:  July 20, 2026

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Susan P. Torres</u>, Pacific Grove, California, pro se.

<u>Eva Ukkola</u>, <u>Kevin D. Alexander, Sr.</u>, and <u>Carla Robinson</u>, Washington, D.C., for the agency.

<u>Lawrence Berger</u>, Esquire, Glen Cove, New York, for the intervenor.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) regarding her share of her former spouse's Federal Employees' Retirement System (FERS) annuity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that 5 C.F.R. § 838.232(a) applied in the alternative to 5 C.F.R. § 838.211(a)(1)(ii) and precluded payment to the appellant until November 16, 2022, and to vacate the administrative judge's finding concerning the annuity commencement date (ACD), we AFFIRM the initial decision.

**BACKGROUND**

The relevant background information, as set forth in the initial decision, is generally not in dispute. Initial Appeal File (IAF), Tab 37, Initial Decision (ID). The appellant and the intervenor dissolved their marriage on December 31, 2013, at which time the intervenor was employed as a Criminal Investigator with the National Marine Fisheries Service. IAF, Tab 25 at 212-14, 254. On October 24, 2014, the Superior Court of California for the County of Monterey approved a

Stipulation for Division of Pension Benefits and Court Order Acceptable for Processing [(COAP)] Re: Federal Employees' Retirement System, providing that the appellant was entitled to a share in the intervenor's monthly annuity and that OPM would pay the appellant directly. *Id.* at 250-53. On June 3, 2015, OPM notified the intervenor and the appellant that it had processed the appellant's claim for a share of the intervenor's annuity based on the COAP and that the appellant's benefit would "start on the commencement date of [the intervenor's] Federal retirement benefit." IAF, Tab 19 at 32-33.

Meanwhile, in January 2015, the intervenor began receiving benefits from the Office of Workers' Compensation Programs (OWCP) for a work-related injury. IAF, Tab 25 at 199. In October 2016, the intervenor completed an Application for Immediate Retirement under FERS. *Id.* at 206-09. The intervenor's employing agency submitted his application to OPM in June 2017. *Id.* at 216-19. However, OPM notified the intervenor that, based on his receipt of OWCP benefits, he was not entitled to receive a FERS annuity and requested that he elect either OWCP benefits or a FERS annuity. IAF, Tab 6 at 178. The intervenor elected to continue receiving OWCP benefits,[2] and OPM did not pay the intervenor a FERS annuity. IAF, Tab 6 at 179, Tab 36-2 (testimony of the intervenor).

On July 1, 2022, the appellant filed what is known as a "*Gillmore* election" in the Monterey County Superior Court. IAF, Tab 35 at 7-8; *see In re Marriage of Gillmore*, 629 P.2d 1, 3-8 (Cal. 1981). On February 2, 2023, following a hearing, the court ordered that the intervenor choose either (1) to collect his FERS annuity and pay the appellant for her share as of the retroactive effective date of the *Gillmore* election, i.e., July 1, 2022, until she began receiving her portion of the annuity directly from OPM; or (2) not to collect his annuity and pay the appellant what she would receive from OPM if he were to choose a FERS

_____

[2] The appellant appears to dispute this on review. Petition for Review File, Tab 1 at 14-15.

annuity. IAF, Tab 35 at 8. On November 16, 2022, the intervenor completed paperwork with OPM to change his election from OWCP benefits to a FERS annuity. IAF, Tab 25 at 175, 187.

OPM approved the appellant's application for a portion of the interventor's FERS benefit starting November 16, 2022, i.e., the date the intervenor elected to receive a FERS annuity instead of OWCP benefits. IAF, Tab 6 at 96, 108-09, 116-18. The appellant sought reconsideration, however, arguing that she was entitled to a share of an annuity benefit starting on November 1, 2016, i.e., the first day of the first month following the intervenor's application for immediate retirement. *Id.* at 35-36; *see* 5 U.S.C. § 8464(a)(1)(A). In its reconsideration decision, OPM explained that, although the intervenor's ACD was November 1, 2016, the annuity did not become subject to the COAP until the conditions in 5 C.F.R. § 828.211(a)(1) were met, which it found had occurred on November 16, 2022, when the intervenor elected a FERS annuity. IAF, Tab 6 at 5-8.

The appellant timely appealed OPM's reconsideration decision, dated August 29, 2024, with the Board. IAF, Tab 1. The appellant again argued that OPM was required to pay her share of an annuity benefit starting on the ACD of November 1, 2016, and that OPM had violated the COAP by allowing the intervenor to "waive" or "suspend" his retirement annuity when he elected OWCP benefits. IAF, Tab 1 at 8, Tab 31 at 17-29. After holding the appellant's requested hearing by telephone, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 37, Initial Decision (ID).

The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. OPM has responded, PFR File, Tab 4, and the appellant has replied, PFR File, Tab 5. The intervenor also responded to the appellant's petition for review, PFR File, Tab 6, and the appellant has replied to the intervenor's response, PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We affirm the administrative judge's finding that OPM could not pay the appellant her court-ordered share of the intervenor's FERS annuity until November 16, 2022, in accordance with its regulations.</u>

Congress authorized OPM to prescribe regulations to carry out the provisions of the FERS statute codified in Title 5 of the U.S. Code, Chapter 84. 5 U.S.C. § 8461(g). Although, generally, OPM must comply with court orders in connection with divorces, it performs "purely ministerial" actions in carrying out the court's instructions in accordance with its regulations. 5 C.F.R. § 838.101(a)(2); *see* 5 U.S.C. § 8467(a) (providing that "[p]ayments under this chapter *which would otherwise be made to an employee* . . . shall be paid . . . to another person" if expressly provided for in the terms of a court order) (emphasis added). Here, the administrative judge correctly found that OPM's regulation at 5 C.F.R. § 838.211(a)(1)(ii) precluded OPM from paying the appellant her court-ordered share of the FERS annuity until all of the conditions necessary for payment of the employee annuity to the former employee were met—specifically, until the intervenor applied for payment of the annuity on November 16, 2022. IAF, Tab 25 at 187; ID at 8-9; *see* 5 C.F.R. § 838.211(a)(1)(ii). On review, the appellant argues that the administrative judge erred in finding that the intervenor's October 2016 Application for Immediate Retirement, using Standard Form 3107, did not constitute an "application for payment" of the employee annuity within the meaning of 5 C.F.R. § 838.211(a)(1)(ii). PFR File, Tab 1 at 8-10; IAF, Tab 6 at 207-10. We are unpersuaded because we agree with the administrative judge that the intervenor clearly demonstrated his intent to elect OWCP benefits in lieu of payment of a FERS annuity at that time. ID at 9; IAF, Tab 6 at 178-80, Tab 25 at 187, Tab 36-2 (testimony of the intervenor).

Moreover, we supplement the initial decision to find that, even if all the conditions necessary for payment of the employee annuity under 5 C.F.R. § 838.211(a)(1) were met following OPM's receipt of the intervenor's FERS

application in October 2016, OPM properly suspended payments in accordance with its regulation at 5 C.F.R. § 838.232(a) when the intervenor elected OWCP benefits. Title 5 C.F.R. § 838.232(a) provides that payments from employee annuities made pursuant COAPs will be "discontinued whenever the employee annuity payments are suspended or terminated." The administrative judge correctly noted that no payments were ever issued to the intervenor; thus, he reasoned that there were no payments that OPM could have "suspended." ID at 11. Nevertheless, considering OPM's letter to the intervenor describing the status of the annuity as "suspended," as well as OPM's Civil Service Retirement System (CSRS) and FERS Handbook (*Handbook*) stating that the election of OWCP benefits "suspends" an annuity, we find, in the alternative, that section 838.232(a) applies. IAF, Tab 12 at 9; *Handbook*, Relationship Between Retirement Annuity and Compensation for Work-Related Injuries and Diseases, ch. 102, § 102A2.1-1 (Oct. 2013), https://www.opm.gov/retirement-center/publications-forms/csrsfers-handbook/ c102.pdf. Accordingly, we now address the appellant's argument that OPM should not have "suspended" payment in accordance with section 838.232(a) because an exception applies. IAF, Tab 31 at 19, 27.

Title 5 C.F.R. § 838.232(b) states that paragraph (a) "will not be applied to permit a retiree . . . to deprive a former spouse of payment by causing suspension of payment of employee annuity." The appellant has argued that paragraph (b) applies because the intervenor elected OWCP benefits for the purpose of depriving her of her court-ordered property interest in his FERS annuity. IAF, Tab 31, Tab 36-1 (testimony of the appellant). In considering the appellant's argument, we note that neither the Board nor our reviewing court has previously dealt with this regulatory provision. The Board has, however, considered an apparent conflict between the CSRS statutory provision permitting waiver of an annuity and a provision requiring compliance with a COAP, and it found that, reasonably interpreted, the statute permitted waiver only for certain limited and

presumably legitimate reasons. *Evans v. Office of Personnel Management*, 59 M.S.P.R. 94 (1993). It explained that, for example, a former employee should be permitted to waive his CSRS annuity for the purpose of continuing to receive a pension other than his civil service retirement pension when he would be financially better off because of the waiver but that the former employee would not be permitted to waive his CSRS annuity for spite, i.e., for the "sole purpose" of preventing his former spouse from receiving her court-ordered apportioned share. *Id.* at 101-04. We apply the same considerations to the matter at issue here.[3] Notably, the statutory provision barring receipt of both a FERS annuity and OWCP benefits covering the same period expressly recognizes "the right of a claimant to the greater benefit . . . ." 5 U.S.C. § 8464a. We have also considered OPM's explanation in the Federal Register notice for 5 C.F.R. § 838.232(b) that the purpose of the provision is "to curb abuses by retirees." Court Orders Affecting Retirement Benefits, 57 Fed. Reg. 120-01, 124 (Jan. 2, 1992). Based on all the above, we conclude that paragraph (b) should not apply when a former employee causes the suspension of his annuity benefits for the presumably legitimate reason of claiming a greater OWCP benefit.

We recognize the appellant's contentions that the intervenor's true intent in electing OWCP benefits was to evade the COAP. IAF, Tab 31, Tab 36-1 (testimony of the appellant). She highlights that the intervenor answered "no" to the question in his FERS application about whether he had a living former spouse to whom a court order gives a portion of his retirement benefits and, subsequently, sent her misleading emails about the status of his FERS annuity. IAF, Tab 6 at 67-69, 207, Tab 31 at 23, 58. However, we find that this evidence does not outweigh the intervenor's uncontroverted testimony that a receipt of

---

[3] The FERS regulations provide that "waivers" postmarked or received before OPM receives a COAP excludes the portion of the annuity from availability for payment under a COAP. *See* 5 C.F.R. §§ 838.211(c), 841.804. We do not consider OPM's suspension of the appellant's FERS annuity to be a "waiver" for the reasons explained in OPM's reconsideration decision. 5 C.F.R. § 841.803; IAF, Tab 6 at 7.

OWCP benefits was financially better for him than a receipt of a FERS annuity irrespective of the appellant's share of the FERS annuity. Thus, we are not persuaded that his election of OWCP benefits was prohibited by 5 C.F.R. § 838.232(b).

<u>We vacate the administrative judge's finding concerning the ACD.</u>

The initial decision identifies an ACD of November 16, 2022, which corresponds with OPM's correct determination as to the date that the intervenor and the appellant were entitled to payment of their shares of the FERS annuity. ID at 9. However, OPM has asserted that the intervenor's ACD was November 1, 2016, notwithstanding its position that he was not entitled to payment until November 16, 2022. *See, e.g.*, IAF, Tab 6 at 6, Tab 11 at 5-6, Tab 12 at 10, Tab 25 at 133, 162-63, 166-67, 174, 179. Examining the FERS statute and OPM's implementing regulations, we find that the intervenor's ACD was the first day of the first month following his separation from Federal service, i.e., November 1, 2016, consistent with OPM's reconsideration decision. 5 U.S.C. § 8464(a)(1)(A)(i); 5 C.F.R. § 842.204(b)(1); *see Handbook*, ch. 102, § 102A4.1-1B, A-5 (explaining that an employee receiving OWCP benefits in lieu of annuity is still considered an "annuitant"); *see also* 5 U.S.C. § 8401(2) (defining an "annuitant" as "a former employee . . . who, on the basis of that individual's service, meets all requirements for title to an annuity . . . and files claim therefor"); *Ochoa v. Department of the Navy*, 65 M.S.P.R. 39, 42-43 (1994) (explaining that the Board's case law supported that the appellant's selection of OWCP benefits over annuity benefits under CSRS did not change his legal status as an annuitant). Thus, for purposes of clarity, we vacate the findings in initial decision stating otherwise.[4]

---

[4] In light of this finding, we need not address the appellant's argument on review that the administrative judge should have accepted a stipulation of fact concerning the ACD. PFR File, Tab 1 at 14.

The ACD, however, is not material to this decision because it does not affect our finding that OPM's regulations precluded payment to the appellant until November 16, 2022, when the intervenor elected to receive a FERS annuity. *See* 5 C.F.R. §§ 838.211(A)(1)(ii), 838.232(a); *see also* 5 U.S.C. § 8467(a). As the administrative judge correctly explained, allegedly misleading communications from OPM regarding the appellant's entitlement to benefits as of "the commencement date" cannot estop OPM into paying benefits that are inconsistent with Federal statutes and regulations. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 424 (1990); IAF, Tab 19 at 32-34; ID at 9-10; PFR File, Tab 1 at 6. Accordingly, we affirm the initial decision, affirming OPM's reconsideration decision, as modified.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.